**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEW BOX SOLUTIONS, LLC, a California limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTHONY DAVIS, an individual; DYLAN CARTER, an individual; MICHAEL VASOVSKI, an individual; ASHLEY MASTERTON, an individual; THOMAS ANDERSON, an individual; JAKE WEATHERS, an individual; UNKNOWN, LLC, a California limited liability corporation; READNIK, INC., a California corporation; CENTERPOINT POST, a business entity of unknown form; and DOES, 1 through 10, inclusive<br><br>  Defendants. | CV 18-5324-RSWL-KSx<br><br>**ORDER re: Plaintiff's Motion to Remand** [52] |

Currently before the Court is Plaintiff New Box Solutions, LLC's ("Plaintiff") Motion to Remand [52]. Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

**A.  Factual Background**

Plaintiff is a limited liability company organized under the laws of California, with its principal place of business in Van Nuys, California.  Second Am. Compl. ("SAC") ¶ 10, ECF No. 48.  Plaintiff provides certain post-production and technology integration services to entertainment producers, directors and studios, and residential clients.  Id. ¶ 26.

Plaintiff alleges that Defendants Anthony Davis ("Davis"), Dylan Carter ("Carter"), Michael Vasovski ("Vasovski"), Ashley Masterton ("Masterton"), and Thomas Anderson ("Anderson"), all former employees of Plaintiff, created a plan while still working at NBS to leave and form competing entities, Defendant Readnik, Inc. ("Readnik") and Defendant Unknown, LLC ("Unknown"), and to solicit and interfere with NBS' clients.  Id. ¶¶ 80-81.  All individual Defendants allegedly reside in California.  Id. ¶¶ 11-15. Defendants Unknown and Readnik are both California limited liability companies with their principal places of business in California.  Id. ¶¶ 17, 19.  Plaintiff alleges that as a result of Defendants' interference,

2

it has experienced a nearly seventy-percent drop in its business and has lost hundreds of thousands of dollars in business to Defendants. Id. ¶¶ 81-88.

## B. Procedural Background

On March 6, 2018, Plaintiff filed its Complaint in Los Angeles County Superior Court. This Action was removed to this Court [1] on June 14, 2018, on the basis of federal question subject matter jurisdiction for one federal law claim brought under the Computer Fraud and Abuse Act ("CFAA"). On May 9, 2018, Plaintiff filed its First Amended Complaint ("FAC") [1-1]. On July 13, 2018, Defendants Davis, Vasovski, Anderson, and Carter filed a Motion to Dismiss the FAC [21]. On August 7, 2018, Defendants Unknown and Readnik also filed a Motion to Dismiss the FAC [32]. On September 18, 2018, the Court granted in part and denied in part Defendants' Motions to Dismiss [44]. In its Order, the Court dismissed Plaintiff's CFAA claim, among others, with leave to amend.

On October 9, 2018, Plaintiff filed its SAC [48] alleging all of the same claims except for its claim under the CFAA. On October 22, 2018, Defendants filed a Motion to Dismiss the SAC [49] and a Motion to Strike portions of the SAC [50]. On October 23, 2018, Plaintiff filed the instant Motion to Remand back to Los Angeles Superior Court [52]. Defendants timely opposed [56], and Plaintiff timely replied [61].

**II. DISCUSSION**

**A. Legal Standard**

Civil actions may be removed from state court if the federal court has original jurisdiction. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts."). Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted). Courts resolve all ambiguities "in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564,

566 (9th Cir. 1992)). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B.   Analysis**

A district court may decline to exercise supplemental jurisdiction over state law claims if all claims over which the district court had original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). It is well-settled that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 108 S. Ct. 614, 619 n.7 (1988); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010). The decision to remand is discretionary and the court must be guided by values of "economy, convenience, fairness, and comity" in its decision. Carnegie-Mellon, 108 S. Ct. at 619. Here, the Court lacks original subject matter jurisdiction because Plaintiff removed its sole federal claim from the SAC and the parties are not diverse.[1] Plaintiff's remaining causes of action are all state law claims. Thus, the Court considers the four factors in determining whether to retain supplemental

---

[1] Plaintiff's owners/members, as well as Defendants Davis, Carter, and Vasovski, are all citizens of, and reside in, California. Pl.'s Mot. to Remand, 4:18-26, ECF No. 53; Miller Decl. ¶¶ 3-6, ECF No. 55.

5

jurisdiction over the remaining state law claims.

First, with respect to judicial economy, Defendants argue that there would be unnecessary duplication or waste of judicial resources if the Court were to remand the case without ruling on the pending Rule 12 Motions. "Supreme Court and Ninth Circuit precedent teaches us that the district court is in the best position to judge the extent of resources invested in a case and that, therefore, the district court's discretion ought not be lightly disturbed." Schneider v. TRW, Inc., 938 F.2d 986, 994-95 (9th Cir. 1991) (citations omitted).

Here, the Court's own investment of judicial energy thus far does not justify retaining jurisdiction because no discovery or pre-trial work has yet begun, and the Court is at the very early stages of litigation having only ruled on one motion to dismiss. See Wild v. City of San Diego, No. 14cv2204 JM (MDD), 2014 U.S. Dist. LEXIS 160535, at *5 (S.D. Cal. Nov. 13, 2014) ("When federal claims are dismissed early in the case, courts routinely decline to exercise supplemental jurisdiction over the remaining state law claims."); Contemporary Servs. Corp. v. Landmark Event Staffing Servs. Inc., No. CV 09-00892-BRO (JDEx), 2017 WL 2540310, at *5 (C.D. Cal. June 12, 2017) (remanding and finding no duplication of effort or expenditure of judicial resources where the district court had the case for eight years, it had been before the Ninth Circuit twice, was nearing 400 docket entries, and was

narrowed through summary judgment). Because the Court has not yet ruled on the pending Rule 12 Motions, there would be no loss of judicial economy. See <u>Perez v. Wells Fargo Bank, N.A.</u>, 929 F. Supp. 2d 988, 1006 (N.D. Cal. 2013) (remanding action where the defendants had each filed motions to dismiss the second amended complaint, "but the Court ha[d] not yet ruled on either motion").

Next, both parties agree that the convenience factor is not relevant given that most of the parties reside in Los Angeles County. With respect to fairness, Defendant argues that if the Court remands before ruling on the Rule 12 Motions, "Defendants will have to file new motions directed against the SAC in state court and will likely wait several months for a hearing date." Opp'n at 16:22-17:1. However, this alone is insufficient to favor retaining supplemental jurisdiction. See <u>Perez</u>, 929 F. Supp. 2d at 1006 (finding that the fairness factor did not weigh in either party's favor where "the state forum will provide just as fair a proceeding as the federal one" even when Defendant argued "allowing remand, as opposed to deciding the motions to dismiss, will prolong the life of the case because they will be forced to demur in state court").

As to comity, seven state law claims remain after Plaintiff dropped its single federal claim. The need for resolution of state law issues favors remand. See

Danner v. Himmelfarb, 858 F.2d 515, 524 (9th Cir. 1988) ("[P]rinciples of comity will be well-served by allowing the state courts to resolve claims solely of state law."); Perez, 929 F. Supp. 2d at 1006 (finding that where the SAC relies entirely on California law, comity weighs in favor of remand).

Finally, Defendants argue that Plaintiff should not be rewarded for engaging in "manipulative tactics." Opp'n at 18:4. "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." Carnegie-Mellon, 484 U.S. at 357. Defendants argue that Plaintiff could have remanded before filing its SAC without the federal claim. Opp'n. at 18:23-24. While true, Plaintiff's conduct does not rise to that which would constitute manipulative tactics. See Blue v. Cal. Office of the Inspector Gen., No. 2:15-cv-02656-KJM-CKD, 2016 U.S. Dist. LEXIS 38054, at *5 (E.D. Cal. Mar. 22, 2016) (citation omitted) ("Even if a plaintiff's decision to eliminate federal claims before moving for remand may raise suspicion, 'a plaintiff does not engage in manipulative behavior merely by eliminating federal claims from an amended complaint that were present in the original complaint.'"); see also Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir. 1995) (stating plaintiff's

dismissal of federal claims does not constitute "manipulative practices").

Thus, the Court finds that the factors of judicial economy, convenience, fairness, and comity, taken together, weigh in favor of remand. Defendants have not cited any authority where a district court was required to retain jurisdiction in a situation, as in here, where only state law claims remain. Rather, all authority provided instructs that it is within the district court's discretion whether to retain supplemental jurisdiction. Given the early stages of this litigation and the fact that seven state law claims remain, the Court **GRANTS** Plaintiff's Motion to Remand and declines to rule on the pending Rule 12 Motions.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand. This action is hereby remanded to the Los Angeles Superior Court, Case No. **SC128952.** Because the Motion to Remand is granted, the Court does not reach the merits of the Motions to Dismiss and Strike.

**IT IS SO ORDERED.**

DATED: December 7, 2018        s/RONALD S.W. LEW

                                          **HONORABLE RONALD S.W. LEW**
                                          Senior U.S. District Judge